IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

| | |
|---|---|
| SEQUIOYA HARRIS, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. 1:20-00858 |
| v. | ) |
| | ) |
| WARDEN REHERMAN, | ) |
| | ) |
| Respondent. | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Respondent's "Motion to Dismiss Petition," filed on July 26, 2023. (Document No. 14.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 4.) Having examined the record and considered the applicable law, the undersigned has concluded that the Respondent's "Motion to Dismiss Petition" (Document No. 14) should be granted.

**PROCEDURAL HISTORY**

On December 18, 2020, Petitioner, acting *pro se*,[1] filed her Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 arguing that she is eligible to earn time credit pursuant to the First Step Act of 2018 ("FSA"). (Document Nos. 1 and 2.) Specifically, Petitioner asserts that the BOP is improperly interpreting the FSA. (Id.) Petitioner first asserts that "[t]he language utilized in the Act indicates the wide range of classes which qualify for the time credits and that these time credits

---

[1] Because Petitioner is acting *pro se*, the documents which she has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

should be applied during the phase-in period." (Id.) Second, Petitioner argues that "[t]he 8 hour programming day does not result in the time credits intended by Congress." (Id.) As relief, Petitioner requests that the BOP be required to award Petitioner "time credits for her job and completed classes that qualify according to the Act." (Id.) Petitioner paid the $5.00 filing fee on December 23, 2020. (Document No. 5.)

By Order entered on December 29, 2020, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On February 8, 2021, Respondent filed a Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner failed to exhaust her administrative remedies (Id., pp. 2 – 3.); and (2) Petitioner's request for time credits was premature (Id., pp. 3 – 8.). (Id.)

As Exhibits, Respondent attaches the following: (1) The Declaration of Destiny Spearen (Document No. 9-1, pp. 2 – 3.); (2) A copy of Petitioner's Administrative Remedy History (Id., p. 5.); (3) A copy of "The First Step Act of 2018: Risk and Needs Assessment System Report" (Id., pp. 7 – 108.); (4) A copy of Petitioner's "Inmate Profile" (Id., pp. 110-11.); (5) A copy of Petitioner's Inmate Education Data Transcript (Id., p. 113.); (6) A copy of Petitioner's Evidence-based Recidivism Reduction (EBRR) Programs and Productive Activities (Id., pp. 115 – 120.); (7) A copy of the First Step Act Approved Programs Guide (Id., pp. 122 – 166.); (8) A copy of the First Step Act – Frequently Asked Questions, Time Credits (Id., pp. 168 – 170.); and (9) A copy of the "Needs Assessment in the Federal Bureau of Prisoner, August 2020 Update" (Id., pp. 172 – 175.).

By Order and Notice entered on February 9, 2021, the undersigned notified Petitioner of her right to file a Reply to Respondent's Response. (Document No. 10.) On March 11, 2021, Petitioner filed her Response arguing that administrative exhaustion should be waived. (Document No. 11.)

On July 26, 2023, Respondent filed a "Motion to Dismiss Petition." (Document No. 14.) Specifically, Respondent argues that Petitioner's Petition should be dismissed as moot based upon Petitioner's release from custody. (Id.) By Order and Notice entered on July 27, 2023, the undersigned notified Petitioner of her right to file a Response. (Document No. 15.) Petitioner, however, failed to file a Response.

## **ANALYSIS**

The undersigned finds that Petitioner's Section 2241 Petition must be dismissed as moot. Article III, Section 2 of the United States Constitution provides that federal Courts may adjudicate only live cases or controversies. See Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); Nakell v. Attorney General of North Carolina, 15 F.3d 319, 322 (4th Cir.), cert. denied, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Id. In the context of a *habeas corpus* proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). In this case, by virtue of Petitioner's release from custody, the Respondent can no longer provide the requested

relief. Consequently, the Court can no longer consider Petitioner's Petition under Section 2241.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). Accordingly, Petitioner's claims are rendered moot by virtue of her release from custody[2] and the absence of collateral consequences, and therefore, her Section 2241 Petition must be dismissed. See e.g., Alston v. Adams, 178 Fed.Appx. 295, 2006 WL 1194751 (C.A.4 (Va.)); Alvarez v. Conley, 145 Fed.Appx. 428, 2005 WL 2500659 (C.A.4 (W.Va.); Smithhart v. Gutierrez, 2007 WL 2897942 (N.D.W.Va.).

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **GRANT** Respondent's "Motion to Dismiss Petition" (Document No. 14), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on August 22, 2022.

(filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: August 17, 2023.

Omar J. Aboulhosn
United States Magistrate Judge